FILED
United States Court of Appeals
Tenth Circuit

December 5, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

CHESTER BRAGG,

  Defendant - Appellant.

No. 14-3226
(D.C. No. 2:14-CR-20034-MLB-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

After entering into a plea agreement that included a waiver of his right to appeal, Chester Bragg pleaded guilty to one count of failing to register as a sex offender in violation of 18 U.S.C. § 2250. He was sentenced to 41 months of imprisonment, within the applicable Sentencing Guidelines range. Mr. Bragg appealed, and the government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

---

[*]  This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Hahn* sets forth three factors to evaluate an appeal waiver: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. In response to the government's motion, Mr. Bragg, through counsel, declines to dispute any of these factors and concedes that this court should enforce the appeal waiver.

In light of Mr. Bragg's concession and our independent review of the record, which confirms that all of the *Hahn* factors are satisfied, the motion to enforce is granted and this matter is dismissed.

Entered for the Court
Per Curiam